PATTERSON, Judge.
Frank Colandrea challenges a final judgment for damages in favor of Leland Johan-sen, Jr. in a fraud and misrepresentation action arising from the sale of a single family residence. We determine that the evidence is sufficient to find Colandrea liable and, accordingly, affirm on the issue of liability. However, we reverse as to the damages the trial court awarded.
The trial court made an aggregate damage award to Johansen of $130,262.81. First, the trial court determined that Johan-sen was entitled to $89,856 in “benefit of the bargain” damages. Such damages are an appropriate measure in a case of this kind, and the expert testimony at trial supports an award in this amount. The court also awarded Johansen $20,096.81 in “betterment expenditures” representing improvements Jo-hansen had made to the property before discovering that his use of the ground floor was prohibited.
Betterment damages are generally limited to actions in ejectment under • chapter 66, Florida Statutes, to compensate a disposed occupant of lands for improvements made in good faith. The concept has been expanded to include improvements made by a purchaser in possession of residential property where it is later determined that title cannot be conveyed. See Horton v. O’Rourke, 321 So.2d 612 (Fla. 2d DCA 1975). We know of no authority, and the parties have cited none, whereby a property owner can recover damages of this class in addition to benefit of the bargain damages while continuing to own and occupy the property. We therefore reverse this award.
The trial court then made an additional award of $20,311, representing $311 in closing costs Johansen expended at the time of purchase, and a hypothetical $20,000 for anticipated costs on a future sale of the property. The trial court made this award, apparently, in response to Johansen’s assertion that the limitation on the • use of the home rendered it unsatisfactory for his family’s needs. This speculative award is clearly erroneous and we likewise reverse it in its entirety.
We therefore strike $40,407.81 from the total award and remand for the entry of an amended final judgment.
Affirmed in part, reversed in part, and remanded.
HALL, A.C.J., and PARKER, J., concur.