[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11951
_____

D.C. Docket No. 1:10-cv-01718-WCO

MARLENE DAWKINS,

Plaintiff-Appellant,

versus

FULTON COUNTY GOVERNMENT, State of Georgia,
VIJAY NAIR,
STEPHANIE YEARBY,
ANDREW STOKES,
LOUIS D'SOUZA, each in their official and individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2013)

Before WILSON and COX, Circuit Judges, and VOORHEES,[*] District Judge.

PER CURIAM:

Marlene Dawkins challenges on appeal the district court's order granting summary judgment for the Defendants Fulton County, Andrew Stokes, Vijay Nair, Stephanie Yearby, and Louis D'Souza (collectively "Defendants") on her Family Medical Leave Act ("FMLA") retaliation claim.  Dawkins claims that the Defendants demoted her from a ninety-day temporary assignment in retaliation for leaving work to care for an ailing uncle.  While Dawkins admits that this absence was not covered under the FMLA, she nevertheless contends that the Defendants are equitably estopped under federal common law from disputing her FMLA eligibility because her manager approved her FMLA leave.  Because Dawkins fails to establish a prima facie case of federal common law equitable estoppel, we affirm the district court's order without deciding whether federal common law equitable estoppel applies to the FMLA.

## I. FACTS AND PROCEDURAL HISTORY

Fulton County employed Marlene Dawkins as a Building Maintenance Manager.  On September 26, 2007, Fulton County temporarily reassigned Dawkins

---

[*] Honorable Richard L. Voorhees, United States District Judge for the Western District of North Carolina, sitting by designation.

2

to the position of Building Mechanic Manager for ninety days.  A temporary ten percent salary increase accompanied the new position.   Two weeks after the reassignment, on October 18, 2007, Dawkins learned that her uncle was terminally ill and sent Andrew Stokes, her manager, an email requesting emergency leave with the subject line "FMLA."   Stephanie Yearby, Fulton County's Deputy Director of General Services, and Barnett Jones, the Fulton County Personnel Director, were copied on the email.  The email reads:

> "I am requesting emergency leave from October 19, 2007 to November 2, 2007, to assist my dad, Kenneth Dawkins, while he deals with issues surrounding his terminally ill brother.  Additionally I am requesting for a[n] FMLA package to be sent to: [Florida address]." (Dkt. 94-24.)

Two hours later, Stokes replied "Approved."  (Dkt. 65-17 at 1.)  Neither Yearby nor Jones was copied on Stokes's response.  The parties dispute whether Stokes was approving Dawkins's request for emergency leave or whether Stokes meant that Dawkins's leave was covered by the FMLA.  In the district court, Dawkins did not testify that she understood Stokes's response to be an FMLA eligibility determination or that she relied on his email when deciding to leave work.  Yearby testified that if she had read Dawkins's email when she received it, she would not have understood it as a request for FMLA leave.  After reading the email during her deposition, she said Dawkins was "requesting a packet, but no,

3

not requesting FMLA leave. She was requesting emergency leave." (Dkt. 83-3 at 51.) The request was not an FMLA request, Yearby said, because Fulton County can only approve leave as FMLA leave after receiving "paperwork that [an employee] would take to a doctor." (*Id.* at 50.)

Under Fulton County's FMLA policy, an employee must complete an application and obtain written certification from a health care provider before FMLA leave can be approved. According to the policy, FMLA leave may be granted for: (1) the birth of a child; (2) the placement of a child for adoption or foster care; (3) to care for a spouse, child, or parent with a serious health condition; and (4) to care for an employee's own serious health condition. Care for a terminally ill uncle is not covered.

Four days after Dawkins's email, on October 22, 2007, Fulton County rescinded Dawkins's temporary reassignment due to her absence. Dawkins returned to work on November 5, 2007, and was reinstated to her original position as Building Maintenance Manager. She did not question this decision or complain about Fulton County rescinding her reassignment. Almost five months later, Dawkins filled an EEOC complaint on an unrelated issue. During the course of the EEOC investigation, she also complained about being removed from the temporary assignment. The investigator recommended that Fulton County pay Dawkins in

4

full for the wages she would have made in addition to her normal salary if the temporary assignment had not been rescinded.  Fulton County then paid Dawkins $827.90.[1]

As a result of these events, and others not relevant on appeal, Dawkins filed a complaint against the Defendants alleging constitutional violations, Title VII retaliation, FMLA retaliation, and intentional infliction of emotional distress. Specifically, Dawkins contended that Fulton County rescinded her ninety-day temporary promotion in retaliation for leaving work to care for her ailing uncle. Dawkins voluntarily dismissed one of the constitutional claims and the intentional infliction of emotional distress claim.  The Defendants then moved for summary judgment on all claims, and Dawkins moved for partial summary judgment on her FMLA retaliation claim.  In response to the Defendants' summary judgment brief, Dawkins argued for the first time that "[d]efendants should be estopped from denying that Ms. Dawkins'[s] leave was FMLA qualifying where, one, there is no evidence that Stokes'[s] approval was not valid and two, where they never gave Ms. Dawkins any notice that her leave had not been counted as FMLA."  (Dkt. 73-

---

[1] Although Dawkins does not dispute that she has already received compensatory damages, at oral argument Dawkins contended that under the FMLA she should also receive statutory damages in the amount of $827.90 plus interest.  This is apparently the amount in controversy in this case.

1 at 23.) This quotation represents the entirety of Dawkins's estoppel argument in the district court.

The district court referred the summary judgment motion to a magistrate judge. The magistrate judge issued a report and recommendation that recommended granting the Defendants' summary judgment motion on all claims. On the FMLA retaliation claim, the magistrate judge reasoned that Dawkins's absence did not qualify as FMLA leave. The magistrate judge recognized that the Eleventh Circuit has never applied equitable estoppel to expand FMLA coverage to unqualified absences, and that in any event the elements of estoppel were not met in this case because Stokes was not aware of the true facts regarding Dawkins's FMLA eligibility when he sent the email saying she was "approved."[2] Dawkins objected to the magistrate judge's determination that Stokes was not aware of the true facts regarding her FMLA eligibility. Dawkins did not challenge the magistrate judge's conclusion that equitable estoppel had never been applied to the FMLA in the Eleventh Circuit. With some modifications not relevant to the FMLA claim, the district court adopted the report and recommendation and

---

[2] As discussed *infra*, one element of federal common law equitable estoppel is that "the party to be estopped was aware of the true facts." *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008).

granted the Defendants' summary judgment motion on all claims.    Dawkins appeals.

## II. ISSUE ON APPEAL

Dawkins contends that the district court erred in granting the Defendants summary judgment on her FMLA retaliation claim because the Defendants should be equitably estopped from denying her FMLA eligibility.

## III. STANDARD OF REVIEW

We review a district court's grant or denial of summary judgment de novo viewing all evidence in the light most favorable to the non-moving party.  *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1247 (11th Cir. 2013).    "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable."  *Avenue CLO Fund, LTD v. Bank of Am., NA*, 723 F.3d 1287, 1294 (11th Cir. 2013).  The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.*  Once the moving party meets this burden, the non-moving party bears the burden of presenting evidence on each essential element of its claim, such that a reasonable jury could rule in its favor.  *Id.*  To meet this burden, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that

7

there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (citations omitted).

## IV. DISCUSSION

Dawkins contends that the Defendants retaliated against her in violation of the FMLA by rescinding her ninety-day temporary promotion because she took leave to care for her ailing uncle. "To prove FMLA retaliation, [Dawkins] must show that [her] employer *intentionally* discriminated against [her] for exercising an FMLA right." *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008). Recognizing that the FMLA does not cover her absence, Dawkins does not contend on appeal that she "exercise[ed] an FMLA right." Rather, she argues her FMLA retaliation claim is meritorious, despite being outside the statute's protection, because the Defendants are equitably estopped from denying her eligibility for FMLA leave. While we have never decided that equitable estoppel can extend FMLA coverage to otherwise uncovered absences from work, the elements of federal common law equitable estoppel in this circuit are: "(1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor

8

should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008).

Dawkins does not explain why we should create a federal common law equitable estoppel to extend FMLA coverage. Furthermore, Dawkins only contends on appeal that she meets the second, "awareness of true facts," element of equitable estoppel and has never addressed the other four elements. After careful review of the record, and with the benefit of oral argument, we conclude that Dawkins does not meet the "reasonable and detrimental reliance" element. Because Dawkins does not meet at least this element, we do not discuss the remaining four elements in this opinion and need not decide at this time whether equitable estoppel should apply to the FMLA.

**A.    The district court correctly granted summary judgment since Dawkins does not contend that she reasonably and detrimentally relied on any misrepresentation.**

Under federal common law, a party asserting estoppel must show reasonable and detrimental reliance on a misrepresentation. Dawkins did not contend in the district court, and does not contend on appeal, that she relied on any misrepresentation.

9

To show detrimental reliance, the plaintiff must generally show that the defendant's actions caused her to change her position for the worse. *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 61, 104 S. Ct. 2218, 2224 (1984). While detrimental reliance can still exist when a misrepresentation causes the plaintiff to refrain from taking mitigating action, the plaintiff must still assert a causal link and show damages from the misrepresentation. *Nat'l Cos. Health Ben. Plan v. St. Joseph's Hosp. of Atlanta, Inc.*, 929 F.2d 1558, 1574 (11th Cir. 1991), *abrogated on other grounds by Geissal v. Moore Med. Corp.*, 524 U.S. 74, 118 S. Ct. 1869 (1998). Additionally, a plaintiff cannot reasonably rely on the misrepresentation of an agent if the plaintiff knows the agent is unauthorized. *Heckler*, 467 U.S. at 64–65, 104 S. Ct. at 2226. In *Heckler*, the Supreme Court held that a Medicare participant could not reasonably rely on an intermediary's reimbursement advice when the participant knew or should have known that the intermediary lacked authority to make policy determinations. *Id.*

In this case, Dawkins never asserts that she relied on any misrepresentation, much less that her reliance was both reasonable and detrimental. In contrast, the evidence in the record suggests Dawkins did not rely on any misrepresentation. Although Dawkins worked in Fulton County, Georgia, she asked Fulton County to send the FMLA eligibility paperwork to her uncle's address in Florida. (Dkt. 94-

10

24.)  This means that Dawkins had already decided that she would leave work and go to Florida before she had even requested paperwork to determine whether her leave was covered under the FMLA.  Consequently, Dawkins did not rely on any misrepresentation.  Rather, she had already planned to leave work regardless of her FMLA eligibility and before receiving Stokes's reply email.  *See Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 557–58 (6th Cir. 2009) (holding that a plaintiff did not rely on the defendant's misrepresentation when he had already planned to take leave and scheduled a surgery before the defendant incorrectly told him the leave was covered under the FMLA).

Furthermore, even assuming for the sake of argument that Stokes did misrepresent Dawkins's FMLA eligibility and that Dawkins relied on his misrepresentation, the evidence in the record suggests Dawkins's reliance would have been unreasonable.  Dawkins had previously taken FMLA leave.  (Dkt. 94-34 at 31.)   In her email to Stokes, Dawkins specifically requested an "FMLA package" in addition to emergency leave.  (Dkt. 94-24.)  Dawkins testified in her deposition that she knew Fulton County's protocol required her to complete a packet of paperwork with her doctor for FMLA leave.   (Dkt. 94-34 at 30.)  Dawkins was correct.  Fulton County's policy requires completion of the FMLA paperwork and a doctor's certification before FMLA determinations can be made.

11

(Dkt. 87-1 at 23.)   Because Dawkins was familiar with Fulton County's FMLA policy, any reliance on Stokes's alleged email approval would have been unreasonable.   By her own admission, Dawkins knew that completion of the paperwork and the doctor's certification were necessary for an FMLA leave eligibility determination.

We may affirm the district court's decision "on any ground supported by the record." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). Accordingly, the district court correctly granted Fulton County's summary judgment motion because Dawkins failed to provide evidence of an essential element of her equitable estoppel claim.

As to the individual defendants, the district court correctly held in accordance with our prior decision in *Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999), that public officials sued in an individual capacity were not employers subject to individual liability under the FMLA.[3]

**B.    Because the district court's summary judgment order is correct, we need not decide whether federal common law equitable estoppel is applicable to the FMLA.**

---

[3] Dawkins's brief on appeal does not challenge the district court's decision that the individual defendants were not employers subject to liability under the FMLA.   Nevertheless, Dawkins made them parties to this appeal.

12

The relief Dawkins requests would require this court to create a new federal common law equitable estoppel applicable to the FMLA. The times when we should create new federal common law are "few and restricted." *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 87, 114 S. Ct. 2048, 2055 (1994). Resolution of this issue in this case would require us to answer questions that have not been briefed by the parties and are not necessary to the resolution of this case. "Deciding real issues presented by real parties in real time focuses judicial decision making in ways that making speculative pronouncements about hypothetical questions cannot." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1315 (11th Cir. 1998) (Carnes, J. concurring). This issue is more appropriately addressed at a later time. *See Martin*, 543 F.3d at 1266 (declining to consider whether equitable estoppel applied to the FMLA when the estoppel elements were not met); *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 797 n.4 (11th Cir. 2000) (same); *McDonald's Corp.*, 147 F.3d at 1315 (Carnes, J. concurring) (noting that dicta is less reliable and declining to join dicta in an issue of first impression).

## V. CONCLUSION

Dawkins failed to provide evidence or even assert that she relied on any misrepresentation. Assuming for the sake of argument that federal common law equitable estoppel applies to the FMLA, Dawkins has not asserted a prima facie

13

case of estoppel.    Thus, the district court correctly granted the Defendants'

summary judgment motion and we affirm.

AFFIRMED.

WILSON, Circuit Judge, dissenting:

I dissent for two reasons.

First, the majority, "[a]ssuming for the sake of argument that federal common law equitable estoppel applies to the FMLA," affirms summary judgment because Dawkins fails to demonstrate that she reasonably and detrimentally relied upon the representation provided to her that she was entitled to take FMLA leave. I disagree. Dawkins produced sufficient evidence of reasonable and detrimental reliance to survive summary judgment. The record reflects that on October 18, 2007, Dawkins sent an e-mail to Andrew Stokes, her supervisor, with the subject line "FMLA." In the e-mail, Dawkins requested time off so that she could help her father take care of her ill uncle. She copied Stephanie Yearby and Barnett Jones, the General Services Human Resources Director. The e-mail read:

> I am requesting emergency leave from October 19, 2007 to November 2[,] 2007, to assist my dad, Kenneth Dawkins, while he deals with issues surrounding his terminally ill brother. Additionally, I am requesting an FMLA package to be sent to:
>
> [Dawkins's temporary address].

Two hours after receiving the request, Stokes responded in a one-word e-mail:

"Approved."

15

Dawkins took her leave and subsequently lost her reassignment to a higher paying position. Viewing this evidence in the light most favorable to Dawkins, there is a genuine issue of fact as to whether she reasonably and detrimentally relied upon her employer's misrepresentation about her entitlement to take FMLA leave. Any disagreement about the inferences that should be drawn from the facts should be resolved by the ultimate fact-finder. And any reasonable doubts about the facts at the summary judgment stage should be resolved in favor of Dawkins, the non-movant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir.), *reh'g denied*, 193 F.3d 525 (1999).

Secondly, rather than determining whether equitable estoppel is viable in the FMLA context and clarifying its elements before applying them, the majority determines that Dawkins has not satisfied the hypothetical elements of a hypothetical claim. Were it clear that Dawkins had failed to meet an essential element of the claim, the majority's attempt to avoid making new law would be appropriate. Because this case turns on a genuine dispute of fact about one of the essential elements of Dawkins's estoppel claim, however, this case cannot be resolved without clarifying the law in this circuit.

All of the other circuits to address the issue have concluded that the equitable estoppel doctrine applies in FMLA employment discrimination cases

16

when its elements are met.  Those circuits include the Second, Fifth, Sixth and Eighth.  *See Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 (6th Cir. 2009) ("Our circuit recognizes that in certain circumstances equitable estoppel applies to employer statements regarding an employee's FMLA eligibility . . . ."); *see also Murphy v. Fed Ex Nat'l LTL, Inc.*, 618 F.3d 893, 899–901 (8th Cir. 2010) (holding that the doctrine is available to prevent a company from challenging an employee's right to bring a claim under the FMLA and noting that all the doctrine requires is that the "employee reasonably believed, based on the totality of the circumstances, that the employer's approval was for FMLA leave"); *Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 359 (5th Cir. 2006) (holding that if the employee reasonably relies on a representation by the employer and acts to her detriment, an employer who, "without intent to deceive makes a definite but erroneous representation" to the employee that the requested leave is FMLA eligible, and who has reason to believe that the employee would rely on that representation, may be estopped from arguing that the leave was not eligible); *Duty v. Nortan-Alcoa Proppants*, 293 F.3d 481, 493–94 (8th Cir. 2002) (affirming the district court's decision to equitably estop an employer from contesting an employee's FMLA eligibility); *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 726 (2d Cir. 2001) (affirming the district court's application of

17

equitable estoppel to "an employer who remains silent when its employee announces that she plans to take medical leave," because the silence "mislead[s] that employee into believing that she is protected by the FMLA").[1] Consistent with these circuits, we should take this opportunity to both recognize that equitable estoppel applies in FMLA cases and clarify its elements.[2]

---

[1] The First, Seventh, Ninth, and Tenth Circuits have considered but ultimately refused to apply the doctrine because its elements were not satisfied. *See Peters v. Gilead Scis., Inc.*, 533 F.3d 594, 598–99 (7th Cir. 2008) (noting that Seventh Circuit caselaw "suggested equitable estoppel might, in an appropriate case," be available (internal quotation marks omitted)); *Bass v. Potter*, 522 F.3d 1098, 1106 (10th Cir. 2008); *Plumley v. S. Container, Inc.*, 303 F.3d 364, 374 (1st Cir. 2002); *Marchisheck v. San Mateo County*, 199 F.3d 1068, 1076–77 (9th Cir. 1999).

[2] Beyond the fundamental issue of whether equitable estoppel is available, we must also determine whether "awareness of true facts by the party to be estopped" is an element of the claim in the FMLA context. Outside of the FMLA context, this court recognized a five-element equitable estoppel claim. *See Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1326 (11th Cir. 2008) (including awareness of the true facts by the party to be estopped as an element). In *Martin v. Brevard County Public Schools*, without announcing whether equitable estoppel was applicable to FMLA claims, this court assumed that the five elements recognized in *Busby* would be necessary to make out the claim. 543 F.3d 1261, 1266 (11th Cir. 2008). Other circuits that have recognized equitable estoppel in FMLA cases eliminate at least one element from *Busby*. *See, e.g.*, *Dobrowski*, 571 F.3d at 556 ("The two versions of the estoppel rule contain a manifest difference. The Supreme Court's version of the rule does not require the party asserting the estoppel to show that the other party was aware of the 'true facts' or that the other party intended for the statement to be relied upon . . . . The better approach is to follow the requirements for equitable estoppel endorsed by the Supreme Court in *Heckler* [*v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S. Ct. 2218, 2223 (1984)].").

Even if it is assumed that the element is necessary, the district court failed to consider whether Stokes reasonably should have known that Dawkins was ineligible for FMLA leave by "constructive knowledge." *See Meyers v. Fid. & Cas. Co. of N.Y.*, 759 F.2d 1542, 1548 n.9 (11th Cir. 1985) (stating that "[t]he person against whom the estoppel is to apply must have actual *or constructive* knowledge of the facts" (emphasis added) (quoting *Choat v. Rome Indus., Inc.*, 462 F. Supp. 728, 730 (N.D. Ga. 1978))); *see also Trane Co. v. Whitehurst-Lassen Constr. Co.*, 881 F.2d 996, 1005 (11th Cir. 1989) ("A party asserting an estoppel theory must have neither knowledge of, nor a reasonable means or opportunity of obtaining knowledge of, the facts in dispute."). The Fifth Circuit has described it as "more than apprehension that something might

18

I would reverse the summary judgment and remand for further proceedings.

---

be wrong but less than actual knowledge." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 299–300 (5th Cir. 1999) (internal quotation marks omitted).