[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10680
Non-Argument Calendar
_____

D. C. Docket No. 9:11-cv-80434-KLR

PETER BLOCH,
MARIA BLOCH,

Plaintiffs-Appellants,

versus

WELLS FARGO HOME MORTGAGE,
BANK OF AMERICA MORTGAGE CAPITAL CORPORATION,
a Foreign Corporation,
a.k.a. Bank of America Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3, 2014)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Peter and Maria Bloch appeal the district court's grant of summary judgment to Wells Fargo Home Mortgage[1] (Wells Fargo) in the Blochs' diversity action. After review,[2] we affirm the district court's grant of summary judgment to Wells Fargo.

## I.  BACKGROUND

The Blochs entered into a mortgage and note in the amount of $324,000 on November 18, 2002 (the loan).  Wells Fargo is the servicer of the loan.

In 2007, the Blochs defaulted on the loan by failing to make payments due. A foreclosure action was filed against the Blochs in 2008.  The Blochs then entered into a loan modification/restructure of the mortgage loan, and, as a result the foreclosure action was voluntarily dismissed on June 30, 2008.

Subsequently, the Blochs defaulted on the modified loan, and a second foreclosure action was filed.  On September 20, 2009, Wells Fargo sent the Blochs a letter inviting them to apply to participate in the federal Home Affordable

---

[1]  The Blochs also purport to appeal the district court's grant of summary judgment to Bank of America on their negligent misrepresentation claim, but offer no argument as to the district court's determination the Blochs "never had any conversations with anyone employed with Bank of America concerning the loan," and accordingly, "Bank of America could not have made any misrepresentations to [the Blochs]."  Accordingly, the Blochs have abandoned the issue and we affirm the district court's grant of summary judgment as it relates to Bank of America.

[2]  We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party.  *Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1088 (11th Cir. 2013).  "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable."  *Id.* (quotation omitted).

Modification Program (HAMP).  The Blochs completed and submitted their application shortly thereafter.  The Blochs made four trial payments of $2,162 while waiting for a decision regarding whether their loan qualified for a permanent modification under the HAMP.  After reviewing the relevant information, Wells Fargo determined the Blochs did not qualify for a permanent loan modification under the HAMP.  As a result, the four trial payments were credited to the outstanding balance on the Blochs' modified loan.

On January 11, 2010, the Blochs entered into a forbearance agreement with Wells Fargo.  The Special Forbearance Agreement provided that the "lender is under no obligation to enter into any further agreement, and this forbearance shall not constitute a waiver of the lender's right to insist upon strict performance in the future."  The Special Forbearance Agreement further provided that "[a]ll of the provisions of the note and security instrument, except as herein provided, shall remain in full force and effect."

The Blochs have not made any payments on their loan since April 2010.  On February 14, 2011, the Blochs were offered a permanent loan modification by Wells Fargo, but they declined.  The Blochs then filed an action in federal district court in April of 2011.  The Blochs filed a Third Amended Complaint on June 22, 2012, alleging several causes of actions.  By the time the district court considered Wells Fargo's motion for summary judgment, the Blochs' only remaining claims

were (1) the portion of a promissory estoppel claim that related to the purported representation that the Blochs were HAMP participants when they were not and would be considered for loan modification when they were not; and (2) a negligent misrepresentation claim as it related to the October 23, 2009, representation by Wells Fargo employee Aerek Stephens that the Blochs were HAMP participants. The Blochs appeal the district court's grant of summary judgment to Wells Fargo on both issues.

## II. DISCUSSION

### A. *Promissory Estoppel*

The Blochs contend that Wells Fargo's September 2009 letter stating they "may be eligible for a trial modification plan under [HAMP], and we estimate your new payment amount to be $2,162," takes this action outside the ambit of the bank statute of frauds. They assert the district court overlooked critical evidence, specifically, transcripts of telephone conversations with Wells Fargo representatives that Peter Bloch recorded. The Blochs contend they detrimentally relied on Wells Fargo's promise to conduct a review of their HAMP application and that Wells Fargo misled them about their status in the HAMP process for months. The Blochs further argue the September 2009 letter constitutes a binding promise that Wells Fargo would at least consider them for the HAMP program, and that based on conversations with Wells Fargo representatives, they believe

they were mistakenly dropped from and never actually considered for the HAMP program.  They contend they suffered damages because the promise to review their HAMP application led them to not pursue a short sale or bankruptcy options.[3]

The Blochs maintain their promissory estoppel claim is based on a combination of Wells Fargo's September 2009 letter and oral representations by phone representatives of Wells Fargo.  In Florida, the doctrine of promissory estoppel "applies when there is (1) a promise which the promisor should reasonably expect to induce action or forbearance, (2) action or forbearance in reliance on the promise, and (3) injustice resulting if the promise is not enforced." *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 96 (Fla. 2013).  Florida law also provides "the judicial doctrine of promissory estoppel may not be used to circumvent" the Statute of Frauds.  *Id.* at 97.

A letter stating that they *might* be eligible for a *trial* modification under HAMP was not "a binding promise" the Blochs would receive a loan modification under HAMP.  To the extent the Blochs contend it was a binding promise they would be considered for a loan, the evidence demonstrates the Blochs' loan was in fact reviewed to determine whether they qualified for a HAMP modification.

---

[3] This Court has held there is no private cause of action under HAMP for a lender's refusal to permanently modify a loan.  *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012).  In *Miller*, we also held a lender cannot be liable pursuant to a theory of promissory estoppel under Georgia law for declining to issue a permanent loan modification if there is no promise upon which the plaintiff reasonably relied.  *Id.* at 1117 (citing O.C.G.A. § 13-3-44(a)).

After reviewing the relevant information, Wells Fargo concluded the Blochs did not qualify for a permanent loan modification under the HAMP.

Additionally, to the extent the Blochs attempt to add verbal conversations to the purported "promise," such addition is barred by section 687.0304 of the Florida Statutes, known as "Florida's Banking Statute of Frauds." *See Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 902-03 (Fla. 3d DCA 2010) (finding promissory estoppel claim legally insufficient under the Banking Statute of Frauds where borrower alleged lender agreed to forbear repayment and to make financial accommodations to borrower in a phone call). The Banking Statute of Frauds provides that a borrower may not maintain an action on an agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior credit agreements, or extending installments due under prior credit agreements, unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor. § 687.0304, Fla. Stat.

It is undisputed there is no signed written agreement expressing consideration and setting forth the relevant terms and conditions of the purported HAMP modification. The purported agreement for a HAMP modification does

not meet the requirements of the Banking Statute of Frauds, and the district court did not err in determining Bloch's promissory estoppel claim fails.[4]

### B. *Negligent Misrepresentation*

The Blochs allege that on October 23, 2009, Wells Fargo representative Aerek Stephens informed their former counsel that they were participants in the HAMP program. They contend that if they had been aware Wells Fargo never intended to modify their loan, they would have attempted to sell their home at the outset, foregoing the modification process.

> Under Florida law, negligent misrepresentation requires:
>
> (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.

*Rocky Creek Ret. Props., Inc. v. Estate of Fox ex rel. Bank of Am.*, 19 So. 3d 1105, 1110 (Fla. 2d DCA 2009) (quotation omitted).

The Blochs alleged injury is speculative. Evidence of damages must be concrete, not based on speculation and conjecture. *George Hunt, Inc. v. Dorsey Young Constr., Inc.*, 385 So. 2d 732, 733 (Fla. 4th DCA 1980).; *see also*

---

[4]   Additionally, the Special Forbearance Agreement signed by the Blochs after the purported representation that they were in the HAMP, provided the provisions of the note and security instrument were to remain in full force and effect.

*Colandrea v. Johnson*, 632 So. 2d 284, 285 (Fla. 2d DCA 1994). The Blochs do not allege they have paid any more than what was due under the loan, and admit they defaulted on the loan, as modified by the permanent loan modification they received, by failing to pay all amounts due under the loan. The district court did not err in determining the Bloch's negligent misrepresentation claim also fails.

## III. CONCLUSION

Accordingly, we affirm the district court's grant of summary judgment to Wells Fargo.

**AFFIRMED.**

8