[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11493
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-01880-CLS


TYRA COWMAN,

Plaintiff-Appellant,

versus

NORTHLAND HEARING CENTERS, INC.,
DR. RAYMOND YOUNT,

Defendants-Appellees,

STARKEY HEARING TECHNOLOGY INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 7, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tyra Cowman, represented by counsel, brought this lawsuit on October 9, 2013, against Northland Hearing Centers, Inc. ("Northland"), All American Hearing, Inc., Starkey Laboratories, Inc., and Starkey Hearing Technology, Inc. After voluntarily dismissing the latter three defendants from the case, Cowman filed an amended complaint against Northland and Dr. Raymond Young asserting claims of interference and retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").[1] By the time Northland and Dr. Young filed a motion for summary judgment, Cowman's counsel had withdrawn, so the District Court appointed an attorney to investigate Cowman's case and effectively inform Cowman about the pending motion. After the attorney did so, the court took the motion for summary judgment under advisement and entered an order granting it, concluding that Cowman was ineligible for FMLA leave. Cowman, appearing *pro se*, now appeals the judgment the court entered pursuant to that order.

Cowan argues that the District Court erred in finding her ineligible for FMLA leave. Liberally construing her brief, she also argues that the defendants

---

[1] The amended complaint alleged that Dr. Young was the audiologist employed by Northland in its Huntsville, Alabama office, who was responsible for "the day-to-day functions" of Northland's "North Alabama network of affiliated offices," and who allegedly "maintained . . . control over the terms and conditions of Cowman's employment" in his capacity as her "direct supervisor."

should be equitably estopped from asserting her ineligibility as an affirmative defense.

## I.

The FMLA provides that an "eligible employee" is entitled to take up to 12 weeks of leave during any 12-month period because of a serious health condition which renders the employee unable to perform the functions of her job.  29 U.S.C. § 2612(a)(1)(D).  To protect this right, the FMLA authorizes two types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA]; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the [FMLA]." *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012); *see also* 29 U.S.C. § 2615(a)(1) (prohibiting an employer from interfering with rights provided by the FMLA); 29 U.S.C. § 2615(a)(2) (prohibiting an employer from discharging or otherwise discriminating against an employee for engaging in protected activity).

However, the protections of the FMLA only apply if the plaintiff is an aggrieved "eligible employee." *See Pereda*, 666 F.3d at 1272; 29 U.S.C. § 2612(a)(1) (stating that only an "eligible employee" shall be entitled to FMLA leave); 29 U.S.C. § 2617(a)(1) (providing that an employer who violates § 2615

3

shall be liable in a civil action to any "eligible employee").  The FMLA defines the term "eligible employee" to exclude "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  29 U.S.C. § 2611(2)(B)(ii).  Thus, in order for the FMLA to apply, the "employer(s) at issue must have at least 50 employees within a 75 mile radius of the worksite." *Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1254 (11th Cir. 2005).

This "worksite requirement" is both a threshold jurisdictional issue and a required element of a plaintiff's claim. *See Morrison v. Amway Corp.*, 323 F.3d 920, 923 (11th Cir. 2003).  Whether the worksite requirement is met is determined as of the date the employee gives notice of the need for leave. 29 C.F.R. § 825.110(e).  In certain situations, a plaintiff may reach the 50-employee threshold by aggregating the employees of separate corporate entities. *See Magic Carpet Aviation*, 383 F.3d at 1255-58.  However, separate entities are generally only considered as a single "integrated employer" for FMLA purposes if they share a number of overlapping characteristics, such as: common management; interrelation between operations; centralized control of labor relations; and a degree of common ownership or financial control.  *Id.* at 1257; *see also* 29 C.F.R. § 825.104(c).

4

In this case, the district court did not err by granting summary judgment on Cowman's FMLA claims based on its finding that she was not an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(B)(ii).   Taking the evidence in the light most favorable to Cowman, the uncontroverted evidence established that her employer, Northland, employed fewer than 50 individuals within 75 miles of her worksite.   Regardless of whether Cowman's primary worksite was in Decatur or Gadsden, Northland's business records, clearly showed that it employed fewer than 50 individuals within 75 miles of either location.   Throughout this litigation, Cowman failed to present any evidence demonstrating that Northland actually employed 50 or more employees within 75 miles of either of her worksites.

Although a plaintiff may, in certain situations, aggregate the employees of separate corporate entities to reach the 50-employee threshold, Cowman abandoned this argument—that Northland and Starkey Laboratories, Inc. should be considered as a single integrated employer—by failing to raise it in her initial brief. *See Access Now, Inc. v. Southwest Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).   Regardless, however, this argument fails on the merits, as she voluntarily dismissed Starkey Laboratories from the lawsuit, and, at any rate, undisputed evidence showed that Northland and Starkey Laboratories combined still employed fewer than 50 individuals within 75 miles of her worksites.

5

In sum, the record demonstrates that there was no genuine dispute as to Cowman's inability to meet the worksite requirement and therefore eligibility for FMLA benefits.

## II.

We have not determined whether the doctrine of equitable estoppel applies as a matter of federal common law in the FMLA context. *See Dawkins v. Fulton Cty. Gov't*, 733 F.3d 1084, 1089 (11th Cir. 2013) (declining to decide whether equitable estoppel applies to the FMLA). However, we have found it unnecessary to decide whether equitable estoppel doctrine applies in that context where—even assuming that it does—the plaintiff fails to establish an essential element of her equitable estoppel claim. *Id.* at 1089-91 (affirming summary judgment on plaintiff's FMLA case based on her failure to establish an essential element of her equitable estoppel claim, without deciding whether federal common law equitable estoppel applies to the FMLA).

A party seeking to invoke the doctrine of equitable estoppel must establish that:

> (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe that the party asserting the estoppel would rely on it; (4) the party asserting the doctrine did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation.

6

*Id.* at 1089.  To demonstrate detrimental reliance, a plaintiff must show that the defendant's actions caused her to change her position for the worse.  *Id.*

Assuming that federal common law equitable estoppel applies to FMLA claims, Cowman's estoppel argument fails, as she did not establish an essential element of an equitable estoppel claim—that she reasonably and detrimentally relied on Northland's misrepresentation that she was eligible for FMLA leave. *See Dawkins*, 733 F.3d at 1089-91.  Indeed, Cowman's medical condition necessitated emergency surgery on September 25, 2012, nearly two weeks before her originally scheduled leave date of October 11.  There is no indication that this emergency surgery was contingent upon Northland's representation that she was entitled to FMLA leave, or that she changed her position for the worse in light of Northland's representation.  *See id.*

AFFIRMED.