[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12292
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-00335-CEM
Bkcy No. 6:15-bkc-04605-CCJ

In re: AHMET JOHN BEDIZEL

Debtor.

_____

DOUGLAS OLDS,
JULIA OLDS,

Plaintiffs-Appellants,

versus

AHMET JOHN BEDIZEL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 5, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Douglas and Julia Olds appeal the district court's order affirming the bankruptcy court's denial of their motion to confirm no automatic stay of their fraudulent-transfer claim involving the debtor in bankruptcy. Because the bankruptcy trustee properly asserted and settled the claim, the Oldses are barred from pursuing it. Accordingly, we affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Oldses sued Ahmet Bedizel in Florida state court. While the action was underway, Bedizel transferred certain real property he owned to his corporation, Cocoanut Cove Yacht Club, Inc. The Oldses then obtained an approximately three-million-dollar judgment against Bedizel. Several years later, the Oldses moved to implead Cocoanut Cove into the state-court action so that they could apply the transferred property to satisfy their judgment. The Oldses argued that the transfer was fraudulent and that they were therefore entitled to avoid the transfer under section 56.29, Florida Statutes, which provides for "proceedings supplementary" to the execution of a judgment.

Soon after, Bedizel petitioned for chapter 7 bankruptcy. In his petition, Bedizel claimed that his stock in Cocoanut Cove was exempt from his bankruptcy estate because he and his wife owned the stock as tenants by the entirety. The

2

bankruptcy trustee objected that the stock was not exempt because Bedizel had fraudulently transferred the stock to himself and his wife.  The trustee also filed a complaint against Bedizel, Bedizel's wife, and Cocoanut Cove, seeking to avoid the transfer of the stock.

In the meantime, the bankruptcy court granted Bedizel a discharge.  After the discharge, the Oldses filed a motion asking the bankruptcy court to confirm that their proceedings supplementary were not subject to the automatic stay of collection actions imposed in bankruptcy proceedings.  The court took the motion under advisement pending resolution of the trustee's objection and complaint regarding the Cocoanut Cove stock.

While the Oldses' motion was pending, the trustee entered into an agreement with the Bedizels and Cocoanut Cove in which they agreed to pay the trustee $17,500 "in full settlement of the [Cocoanut Cove] stock."  Although the trustee's objection and complaint pertained only to the Cocoanut Cove stock, the agreement stated that it also resolved "any and all claims that the [t]rustee ha[d] in connection with the [Cocoanut Cove] [l]and."  The agreement acknowledged the Oldses' pending motion to continue their proceedings supplementary regarding the land.  The bankruptcy court approved the settlement without objection.

Later, the bankruptcy court denied the Oldses' motion.  The bankruptcy court concluded that Bedizel's discharge barred the Oldses from continuing their

proceedings supplementary.  The bankruptcy court also concluded that the Oldses were barred because "[o]nly the [t]rustee can bring federal and state law fraudulent transfer actions" and because the trustee had settled all claims pertaining to the land.

The Oldses appealed to the district court, which affirmed without a hearing. The district court rejected the bankruptcy court's conclusion that the Oldses were barred by Bedizel's discharge, noting that the Oldses' claim was against Cocoanut Cove, which was not part of the discharge.  However, the district court agreed that the Oldses' fraudulent-transfer claim was property of the bankruptcy estate and that the trustee had settled the claim.  The Oldses now appeal the district court's order.

## STANDARD OF REVIEW

"As the second court to review the bankruptcy court's judgment, we examine the bankruptcy court's order independently of the district court." Westgate Vacation Villas, Ltd. v. Tabas (In re Int'l Pharmacy & Disc. II, Inc.), 443 F.3d 767, 770 (11th Cir. 2005).  "Specifically, we review determinations of law made by either the district or bankruptcy court de novo, while reviewing the bankruptcy court's findings of fact for clear error." Id.

## DISCUSSION

The trustee's settlement agreement purported to resolve "any and all claims that the [t]rustee ha[d] in connection with the [Cocoanut Cove] [l]and."  It is elementary that a party can only settle a claim that it owns.  Therefore, if the Oldses'

4

fraudulent-transfer claim regarding the land was not property of Bedizel's bankruptcy estate, then the trustee could not have settled the claim.

One way that the fraudulent-transfer claim could have come into the bankruptcy estate is through 11 U.S.C. § 544(a), which "confers on the bankruptcy trustee the rights of a hypothetical 'ideal creditor' under state law." City Nat'l Bank of Miami v. Gen. Coffee Corp. (In re Gen. Coffee Corp.), 828 F.2d 699, 706 (11th Cir. 1987). In other words, if a hypothetical creditor could have voided Bedizel's transfer under Florida's fraudulent-transfer statutes, then the trustee could have asserted the claim on behalf of Bedizel's bankruptcy estate. For § 544(a) to apply, the transfer must have been voidable at the time of the "commencement" of the bankruptcy case—that is, the date that Bedizel filed his petition for bankruptcy. See 11 U.S.C. § 544(a); see also Gaudet v. Babin (In re Zedda), 103 F.3d 1195, 1201 (5th Cir. 1997) ("'The commencement of the case' is synonymous with the filing of the bankruptcy petition." (citing 11 U.S.C. § 301)).

The Oldses readily admit that § 544(a) "was available to the [t]rustee." Appellants' Br. 14. Nevertheless, they argue that "any cause of action the [t]rustee could have had was extinguished long before the bankruptcy case was filed." Id. More specifically, because fraudulent-transfer claims in Florida are subject to a four-year statute of repose, see § 726.110, Fla. Stat., and the transfer occurred more than

six years before Bedizel filed for bankruptcy, the Oldses argue that there was no claim for the trustee to assert.

In doing so, however, the Oldses gloss over a one-year savings clause in the Florida statutes. The savings clause allows a creditor to avoid a transfer that is actually fraudulent—no matter how long ago the transfer happened—as long as the avoidance action is filed "within 1 year after the transfer or obligation was or could reasonably have been discovered by the [creditor]." § 726.110(1), Fla. Stat. The Oldses point to the fact that the transfer was recorded in the Brevard County public records, but that fact alone is insufficient to trigger the start of the one-year period. Desak v. Vanlandingham, 98 So. 3d 710, 713 (Fla. 1st DCA 2012) ("We now hold that the act of recording a deed does not without more, as a matter of law, start the 'savings clause year.'"). The trustee was not jurisdictionally barred, as the Oldses claim, from asserting and settling the fraudulent-transfer claim.

The Oldses also argue that the trustee was estopped from or abandoned any right to settle the fraudulent-transfer claim. But abandonment requires "notice and a hearing," neither of which occurred here. 11 U.S.C. § 554; see also Catalano v. Comm'r, 279 F.3d 682, 687 (9th Cir. 2002) ("[P]roperty is not considered abandoned from the estate unless the procedures specified in § 554 are satisfied."). And the Oldses have failed to show that the elements of estoppel were met. Cf. Dawkins v. Fulton Cty. Gov't, 733 F.3d 1084, 1089 (11th Cir. 2013) (listing the elements of

6

federal common law estoppel).  Indeed, there is no evidence in the record suggesting that the trustee intended or believed that the Oldses would rely on the trustee's actions.

## CONCLUSION

The Oldses have failed to show that the trustee could not properly assert and settle a claim as to Bedizel's fraudulent transfer of the Cocoanut Cove land.  As a result, the bankruptcy court properly denied the Oldses' motion to confirm no automatic stay.

**AFFIRMED.**