# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-783
Lower Tribunal No. 18-692
_____


**Giuliana Llanso,**
Appellant,

vs.

**SHEDDF2-FL3, LLC, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Khullar Law, and Divya Khullar (Tamarac), for appellant.

Agentis PLLC, and Christopher B. Spuches and Jason A. Martorella, for appellee.


Before SCALES, HENDON and GORDO, JJ.

PER CURIAM.

In this lender liability case, appellant Giuliana Llanso, the borrower and plaintiff below, appeals a final summary judgment in favor of appellee SHEDDF2-FL3, LLC, the lender's assignee and defendant below. The gravamen of appellant's claim is that she and her lender, TotalBank, the predecessor-in-interest of appellee, had entered into an enforceable credit agreement extending the maturity date of her loan. Appellant's operative complaint asserts that appellee failed to honor the terms of this alleged agreement, resulting in appellant having to pay higher closing costs upon the sale of her residence. Specifically, appellant seeks to recover her payments related to a default interest rate considerably higher than the interest rate reflected in the alleged agreement, as well as allegedly excessive attorney's fees and costs.

After its review of the summary judgment evidence, the trial court correctly concluded that, because appellant did not timely comply with the conditions precedent for forming the alleged agreement, a written credit agreement between the parties did not form. See Mitchell v. DiMare, 936 So. 2d 1178, 1180 (Fla. 5th DCA 2006) ("A condition precedent is an act or event, other than a lapse of time, that must occur before a binding contract will arise."). Because a written credit agreement did not form, the trial court also correctly determined that the applicable Banking Statute of Frauds precludes

appellant's breach of contract action. § 687.0304(2), Fla. Stat. (2017); <u>Bloch v. Wells Fargo Home Mortg.</u>, 755 F.3d 886, 890 (11th Cir. 2014) ("The Banking Statute of Frauds provides that a borrower may not maintain an action on an agreement by a creditor to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under prior agreements, or extending installments due under prior credit agreements, unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor."); <u>see</u> <u>Metro Bldg. Materials Corp. v. Republic Nat'l Bank of Miami</u>, 919 So. 2d 595, 598 (Fla. 3rd DCA 2006).

Affirmed.