[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12498

_____

MICHELLE JONES,

Plaintiff-Appellant,

*versus*

GEORGIA DEPARTMENT OF COMMUNITY HEALTH,
TISHA PHILLIPS,
Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03225-CAP

_____

Before LUCK, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Michelle Jones appeals the district court's order dismissing her amended complaint against two defendants: (1) her former employer, the Georgia Department of Community Health ("GDCH"), and (2) her former supervisor, Tisha Phillips, "Individually." According to her amended complaint, Jones suffered a broken knee and began working from home. Jones was terminated from her position at GDCH two days after she informed her supervisor, Phillips, that her broken knee would require surgery and an 8- to 10-week recovery period, that she would be contacting "HR" regarding filing for Family and Medical Leave Act ("FMLA") leave, and that she could not come to the office because she could not put weight on her knee.

Jones's amended complaint contained two counts. Count I asserted a claim of interference/retaliation under the FMLA, 29 U.S.C. § 2615(a), against defendant Phillips and sought injunctive relief, including reinstatement. Count II asserted a claim of disability discrimination under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, against defendant GDCH and sought back pay, front pay, compensatory and punitive damages, and attorney's fees and costs. The district court granted the defendants' motions to dismiss and dismissed both counts.

After a careful review of the record and with the benefit of oral argument, we affirm the dismissal as to Count I but reverse and remand for further proceedings as to Count II.

We review *de novo* a district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 570, 127 S. Ct. 1955, 1974 (2007). A claim is facially plausible when the complaint pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

As to Count I, the district court dismissed Jones's FMLA interference/retaliation claim brought against defendant Phillips "Individually." "[W]hile it is clearly preferable that a plaintiff state explicitly in what capacity defendants are being sued," when it is unclear, "the course of proceedings typically indicates the nature of the liability sought to be imposed." *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008) (quotation marks omitted). A plaintiff's failure to state explicitly in what capacity the defendant is being sued "is not fatal if the course of

proceedings otherwise indicates that the defendant received sufficient notice." *Id.* (quotation marks omitted).

Here, Jones filed a counseled original complaint asserting an FMLA claim against only GDCH and seeking money damages. GDCH moved to dismiss the original complaint on grounds that it was a state agency and Eleventh Amendment immunity barred suit against it for money damages. Before her response was due, Jones filed an amended complaint that dropped GDCH, a state agency, from the FMLA claim in Count I and instead sued Phillips, an individual, for the alleged FMLA violations. Jones captioned the amended complaint as a suit against Phillips "Individually." The amended complaint's introductory paragraph stated it was a "Complaint for Damages against Defendants [GDCH] and Tisha Phillips." That paragraph was as to the whole complaint and was not limited to Count I or Count II.

The defendants moved to dismiss Count I because a public official sued in her individual capacity is not an "employer" subject to liability under the FMLA. Jones responded that she could pursue her FMLA claim against "Ms. Phillips in her Individual Capacity" so long as she sought only injunctive relief. She described her "claim" as "against Ms. Phillips as an individual." In other words, Jones again clarified her intent to sue Phillips in her individual capacity. Notably, Jones did not argue alternatively that her claim was brought against Phillips in her official capacity. The briefing on the motion to dismiss was then completed and submitted to the court for decision.

Given the course of proceedings recounted above, Phillips did not have sufficient notice that she was being sued in her official capacity, and thus she did not raise or litigate in her motion to dismiss any issues or defenses pertaining to an official capacity claim. Accordingly, we conclude that during the relevant time period in the proceedings, the FMLA interference/retaliation claim in Count I was brought against Phillips solely in her individual capacity and, under our binding precedent, Phillips is not an "employer" subject to individual liability under the FMLA. *See Dawkins v. Fulton Cnty. Gov't*, 733 F.3d 1084, 1090 (11th Cir. 2013); *Wascura v. Carver*, 169 F.3d 683, 686-87 (11th Cir. 1999).

As to Count II, the factual allegations in Jones's amended complaint, accepted as true and construed in her favor, are sufficient to state a plausible claim for disability discrimination under the Rehabilitation Act. That is, Jones's factual allegations plausibly alleged that when she was terminated, she had a disability, she was otherwise qualified for her position at GDCH, and she was subjected to unlawful discrimination as a result of her disability. *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

First, it is reasonable to infer that Jones is substantially limited in her ability to walk, a major life activity, because she alleged that her doctor told her not to place any weight on her injured leg. *See* 29 U.S.C. § 705(9)(b) (cross-referencing 42 U.S.C. § 12102, which defines "major life activity" as including walking). Because Jones alleges a physical impairment that substantially limits a major life activity, she plausibly alleges that she has a

disability. *See Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017).

Second, it is reasonable to infer that Jones was "otherwise qualified" for her job because the allegations in her complaint do not indicate any way in which Jones was unable to perform the "essential functions" of her job. *See id.* (explaining that an employee "is 'otherwise qualified' if he is able to perform the essential functions of the job in question with or without a reasonable accommodation"). Jones continued to work, though from home, after her injury. The complaint does not allege that GDCH objected to Jones working from home. Although Phillips asked Jones to come into the office for one meeting, Jones alleged that she proposed holding the meeting over the phone instead. Given that the complaint does not allege that GDCH objected to this alternative arrangement or the weeks of Jones working from home that preceded it, it is reasonable to infer that Jones could continue to perform the essential functions of her job while working from home. Thus, she plausibly alleged she was "otherwise qualified."

Third, the parties dispute whether the causation standard for a Rehabilitation Act claim is the same as, or different from, the causation standard applicable to disability discrimination claims under the Americans with Disabilities Act and other federal employment discrimination statutes. *Compare* 29 U.S.C. § 794(a) (prohibiting discrimination "solely by reason of" a disability in programs that receive federal funds), *and Ellis*, 432 F.3d at 1326,

*with* 42 U.S.C. § 12112(a) (prohibiting employment discrimination "on the basis of" a disability). We need not answer that causation question to resolve this appeal because Jones's factual allegations, taken as a whole and construed in her favor, are sufficient to satisfy either standard at the motion-to-dismiss stage.[1]

Accordingly, we affirm the dismissal of Count I, Jones's FMLA interference/retaliation claim against defendant Phillips in her individual capacity. We reverse the dismissal of Count II, Jones's Rehabilitation Act claim against defendant GDCH, and remand for further proceedings as to that claim.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

[1] Nothing herein shall be construed as expressing any opinion on what the causation standard is for a Rehabilitation Act claim.