769 So.2d 491 (2000)
Marilyn TOURVILLE, as personal representative of the Estate of Donald Tourville, Appellant,
v.
SECUREX, INC., a Florida corporation, Appellee.
No. 4D99-4374.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
*492 Louis P. Pfeffer, and Charles D. Thomas of Fischer & Pfeffer, P.L., Lake Worth, for appellant.
Michael A. Linsky of Linsky & Reiber, Tampa, for appellee.
GROSS, J.
We affirm the final summary judgment entered by the trial court. Assuming that Donald Tourville was discharged from his job on February 20, 1993, the evidence was that he was totally disabled at that time and unable to work for an indefinite period. Although Tourville was cleared to return to work in April, 1993, he never sought reemployment with appellee.
If appellee terminated Tourville's employment, such a discharge of Tourville was not unlawful under section 760.10(8)(a), Florida Statutes (1993), since his hospitalization and illness prevented him from performing the physical requirements of his job as an on-site security guard, even with reasonable accommodation.
Similarly, there was no cause of action for a discriminatory refusal to rehire because Tourville did not advise appellee that he was available for work or otherwise seek to be rehired to his former job.
In Kresmery v. Service America Corp., 227 B.R. 10 (D.Conn.1998), an employee was terminated by a Chapter 11 employer during the preconfirmation period. The employee claimed that the employer discriminated against him based on his psychiatric disability under the Americans With Disabilities Act (ADA)[1] by firing him and by refusing to rehire him after promising to consider him for suitable work. See id. at 16. In holding that there was no cause of action for the refusal to rehire, the court noted that
[t]he record contains no evidence that the plaintiff ever re-applied for employment after June 3, 1993 [the date of the refusal to rehire which was prior to the confirmation which discharged the employer of any liability for employment discrimination] or that defendant acted in any way other than to leave plaintiffs termination unchanged.
Id.
In In re the Leslie Fay Cos., 212 B.R. 747 (S.D.N.Y.1997), aff'd, In re Leslie Fay Cos., 222 B.R. 718 (Bankr.S.D.N.Y.1998), aff'd Falbaum v. Leslie Fay Cos., 182 F.3d 899 (2nd Cir.1999), former employees sued the employer under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1985), the New York State Human Rights Law, and Pennsylvania Human Relations Act. See id. at 753. One employee who was terminated and not rehired signed a binding release. See id. Nonetheless, he claimed that the employer failed to rehire him due to his age. See id. The employee alleged that when he was terminated, the employer assured him that if a position became available, he would be considered. See id. He argued that he applied for an open position for which he was qualified but was rejected because of his age. However, the employer never received the employee's application. See id.
Rejecting the employee's claim, the court noted that "the `mere continuing failure to rehire, without further action on [the] plaintiffs part by way of reapplication or renewed application' cannot revive a plaintiffs original termination claims." Id. (citations omitted).
Like the employees in Leslie Fay and Kresmery, Tourville did not reapply *493 for a job with appellee, thus precluding his claim for appellee's refusal to rehire him. We agree with the trial court that an application for unemployment benefits is not the same as a reapplication for employment. We do not find Linafelt v. Beverly Enterprises-Florida, 745 So.2d 386 (Fla. 1st DCA 1999) to be on point. That case holds that an administrative hearing and the referee's findings in an unemployment compensation case were "highly probative" of the defendants' state of mind concerning the torts of defamation and tortious interference with an advantageous business relationship. See id. at 390. The resolution of this case does not turn on appellee's state of mind.
AFFIRMED.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The Florida Civil Rights Act, sections 760.01-760.11, and 509.092, Florida Statutes (1999), "should be construed in conformity with the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and related regulations." Greene v. Seminole Elec. Coop., Inc., 701 So.2d 646, 647 (Fla. 5th DCA 1997).