866 So.2d 146 (2004)
David C. WIMBERLY, Appellant,
v.
SECURITIES TECHNOLOGY GROUP, INC., Appellee.
No. 4D02-4598.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
John L. Walkden, Fort Lauderdale, for appellant.
Julian H. Kreeger of Julian H. Kreeger, P.A., Miami, for appellee.
PER CURIAM.
We affirm the trial court's order granting appellee, Security Technology Group, *147 Inc.'s ("STG"), motion for summary judgment. We agree with the trial court that the record did not demonstrate that appellant, David Wimberly, had a disability under the Florida Civil Rights Act ("FCRA"), §§ 760.01-11, Florida Statutes (2000) or the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (1998).
Because Florida courts construe the FCRA in conformity with the ADA, a disability discrimination cause of action is analyzed under the ADA. See Tourville v. Securex, Inc., 769 So.2d 491, 492 n. 1 (Fla. 4th DCA 2000); McCaw Cellular Communications of Fla., Inc. v. Kwiatek, 763 So.2d 1063, 1065 (Fla. 4th DCA 1999).
The ADA defines a disability as: "(A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). As the trial court noted in its order, Wimberly's second amended complaint alleged that he had a disability pursuant to subsection (A).
Construing the statutory definition, the United States Supreme Court has noted that "[m]erely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Pertinent to this case, walking is considered a "major life activity." 45 C.F.R. § 84.3(j)(2)(ii) (2000).
For there to be a disability within the meaning of the ADA, there must be a substantial limitation on a major life activity; a "disabled" person must be completely unable to perform the activity, or significantly restricted in performing the activity as compared to an average person. See Williams, 534 U.S. at 195-96, 122 S.Ct. 681; 29 C.F.R. § 1630.2(j)(1) (2000). Factors to consider when determining whether an individual is "substantially limited" include: 1) "the nature and severity of the impairment;" 2) "the duration or expected duration of the impairment;" and 3) "the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." § 1630.2(j)(2).
To maintain an action under the ADA, Wimberly must have had an injury that "substantially" limited his ability to walk and stand. An impairment's minor interference in major life activities does not qualify as a disability. See Williams, 534 U.S. at 197, 122 S.Ct. 681; Kelly v. Drexel Univ., 94 F.3d 102, 107 (3d Cir. 1996). Similarly, residual impairments after serious injuries do not constitute disabilities. See Rogers v. Int'l Marine Terminals, Inc., 1995 WL 16787, at *3-4 (E.D.La. Jan.17, 1995) (finding that the plaintiff's impairment of bone spurs, ligament damage, and gout in his right ankle was merely "a temporary condition and not a permanent disability"); Blanton v. Winston Printing Co., 868 F.Supp. 804, 807 (M.D.N.C.1994) (stating that impairments of short duration do not usually qualify as disabilities).
In Kelly, the plaintiff suffered from a fractured hip which led him to have a noticeable limp. 94 F.3d at 104. Soon after, due to financial difficulties, the employer eliminated the plaintiff's position. Id. The plaintiff filed an ADA claim against the employer and the district court granted summary judgment against him because it found that he was not considered disabled under the ADA. Id. at 105. The district court held "as a matter of law that [Kelly's] trouble climbing stairs, which requires him to move slowly and hold the handrail, does not substantially limit his ability to walk." Id. at 106.
The Third Circuit affirmed the district court's finding of no disability within the *148 meaning of the ADA. The court held that, although it was difficult to ascertain when a condition affecting a person's ability to walk can be regarded as a disability under the ADA, the plaintiff's condition did not substantially limit him in his ability to walk. Id. at 108; see also Graver v. Nat'l Eng'g Co., 1995 WL 443944, at *11 (N.D.Ill. July 25, 1995) (finding that a plaintiff who had arthritis in his left ankle, walked with a limp, and experienced significant pain while walking did not have a disability because there was no evidence that his limp "significantly impaired his ability to walk, care for himself, or perform the functions of his job").
The case at bar is similar to Kelly in that Wimberly had a slight limp and moved slower than he previously did. Wimberly was still able to perform his job. The doctor's information provided to STG indicated that Wimberly's impairment was not permanent or even long-lasting.
The trial court did not err by granting STG's motion for summary judgment. There were no genuine issues of material fact and viewing the evidence in the light most favorable to appellant, the record demonstrated that his impairment did not rise to the level of a disability under the ADA. See Mitchell v. Girl Scouts of the U.S.A., 2003 WL 22705121, at *6 (S.D.N.Y. Nov.17, 2003) (noting that the inability to do a substantial amount of walking, while somewhat limiting, does not amount to a substantial limitation).
We also find no error in the trial court's conclusion that the record did not support a case for retaliatory discharge.
AFFIRMED.
FARMER, C.J., GUNTHER and GROSS, JJ., concur.