[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14179
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-01226-GKS-DCI

JILLIAN AVENA,

Plaintiff-Appellant,

versus

IMPERIAL SALON & SPA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 3, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jillian Avena appeals the district court's dismissal of her complaint for

failure to state a claim in her suit brought under the Family and Medical Leave Act

of 1993, 29 U.S.C. §§ 2601, et seq., ("FMLA"); the Florida Civil Rights Act of

1992, Florida Statutes, Chapter 760 ("FCRA"), and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), against her employer, Imperial Salon & Spa, Inc. ("Imperial"). On appeal, she argues that: (1) the district court should not have dismissed her FMLA and FCRA claims; (2) the district court improperly made incorrect findings of fact at the pleadings stage; (3) any deficiencies in her original complaint were remedied by her amended complaint and sworn declaration; and (4) the district court abused its discretion by refusing to grant her motion for leave to amend. After careful review, we affirm.[1]

We review <u>de novo</u> a district court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure ("Rule") 12(b)(6). <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006). We review a district court's denial of leave to amend for abuse of discretion. <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999).

First, we are unpersuaded that the district court improperly dismissed Avena's claims. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotations omitted). But "while

---

[1]    Avena has abandoned her PDA claim on appeal because her brief did not challenge the district court's dismissal of this claim. <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir.1989) (deeming an issue abandoned where a party fails to include substantive argument on the issue and only makes a passing reference to it).

2

notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).

Under Rule 12(b)(6), the district court may dismiss a claim if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must contain factual matter sufficient to state a claim to relief that is plausible on its face, if accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must assert more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id. We will not accept any allegations that are merely legal conclusions, id., nor any bald assertions or unwarranted inferences drawn from the alleged facts. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).

Under the FLMA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). It is also unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing

any practice made unlawful by this subchapter." Id. § 2615(a)(2). An FMLA interference claim has two elements: "(1) the employee was entitled to a benefit under the FMLA, and (2) her employer denied her that benefit." White v. Beltram Edge Tool Supply, Inc., 789 F.3d 1188, 1191 (11th Cir. 2015). For the right to take FMLA leave, an employee must suffer from a "serious health condition" that makes her "unable to perform the functions of her position." Id. at 1194. And an employee must give her employer appropriate notice under both the discrimination and the interference provisions of the FMLA. Hurley v. Kent of Naples, Inc., 746 F.3d 1161, 1167 (11th Cir. 2014) (holding that, besides actually qualifying for FMLA leave, employees must show they gave "appropriate notice to assert a valid interference or retaliation claim"). The Code of Federal Regulations provides that:

> An employee must provide the employer at least 30 days advance notice before FMLA leave is to begin if the need for the leave is foreseeable based on an expected birth . . . . If 30 days notice is not practicable, such as because of a lack of knowledge of approximately when leave will be required to begin, a change in circumstances, or a medical emergency, notice must be given as soon as practicable.

29 C.F.R. § 825.302(a). The notice must be "sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave" and, if applicable, include "that the employee is pregnant." Id. § 825.302(c).

Under Florida law, it is unlawful for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual

4

with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . pregnancy." Fla. Stat. Ann. § 760.10(a)(1). We analyze FRCA disability-discrimination claims using the same framework that is used for Americans with Disabilities Act ("ADA") claims. Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). Florida's Fourth District Court of Appeals also has held that Florida courts construe the FCRA in conformity with the ADA. See Wimberly v. Sec. Tech. Grp., Inc., 866 So. 2d 146, 147 (Fla. Dist. Ct. App. 2004). The ADA requires an employer to make reasonable accommodations to an otherwise qualified employee with a disability, unless doing so would impose an undue hardship. Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016). However, the "employee has the burden of identifying an accommodation and demonstrating that it is reasonable." Id. In ADA failure-to-accommodate cases, we've held that an employer's duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made. Id. at 1255-56; see also Gaston v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999). To succeed on an ADA unlawful-discrimination retaliation claim, a plaintiff must show that she: (1) is disabled, (2) was a "qualified individual" when she was terminated, and (3) "was discriminated against on account of her disability." Frazier-White, 818 F.3d at 1255.

As for Avena's FMLA discrimination and interference claims, her original complaint did not allege any facts showing that she had provided notice to Imperial about her pregnancy. Instead, she alleged only that she had "started taking FMLA-qualifying pregnancy leave." We cannot draw an inference from this conclusory statement that Avena had properly notified Imperial of her pregnancy and received permission to take FMLA-qualifying leave. Among other things, she does not say she gave notice about "the anticipated timing and duration of the leave," as provided in the regulations. 29 C.F.R. § 825.302(c). Further, there is nothing to support Avena's claim that being pregnant necessarily satisfies the notice requirement; on the contrary, the regulations expressly mention giving notice for "an expected birth" and if an employee is "pregnant." Id. § 825.302(a),(c). This makes sense because, without notice, it is possible that Imperial would not have known whether Avena was taking FMLA leave or terminating her position. Therefore, as we've said, in order to state a claim for FMLA discrimination or interference, Avena needed to plead facts showing that she had a serious health condition (pregnancy), and that the condition qualified for FMLA leave, which required an allegation that she gave adequate notice to Imperial. White, 789 F.3d at 1191, 1194; Hurley, 746 F.3d at 1167. She made no allegation to this effect, and the district court properly dismissed the claim.

As for her FCRA pregnancy discrimination and failure-to-accommodate claim, Avena again failed to state a claim. Because we apply an ADA framework to analyze discrimination/failure-to-accommodate claims, Avena was required to allege that she had made a specific request for accommodations. Holly, 492 F.3d at 1255; Frazier-White, 818 F.3d at 1255; see also Wimberly, 866 So. 2d at 147 (holding that Florida courts interpret the FRCA in accordance with the ADA). Her reliance on Gaston, 167 F.3d at 1363 -- to argue that the law did not require her to make a specific request for accommodations -- is unavailing because that case says exactly the opposite. Holly, 492 F.3d at 1261 n.14. Despite the clear case law requiring her to allege that she had made a specific request for accommodations, Avena failed to do so. Thus, the district court did not err in dismissing this claim.

As for Avena's argument that the district court improperly made findings of fact and propounded its own facts, we disagree. Rather than finding that Avena had failed to specifically request FMLA leave as a factual matter, the district court determined only that she had failed to plead facts showing that she had done so in her original complaint. Nor did the district court did determine that, as a factual matter, Avena had failed to give Imperial sufficient information for it to determine whether the FMLA applied to the leave she took. The court concluded only that Avena had failed to specifically allege that she had provided adequate notice of her pregnancy. The court made no determinations about what Avena actually did or

7

did not do in its order dismissing her complaint; instead, it concluded that her original complaint had failed to allege certain necessary facts, and consequently, it did not make any inappropriate factual findings.  Moreover, because the district court did not make any findings of fact at the pleadings stage, we reject Avena's argument to treat the district court order as a summary judgment ruling.

We also find no merit to Avena's claim that it was Imperial's duty to notify Avena of her rights under the FMLA once it became aware that she was pregnant. As we've already held, Avena did not plead facts showing that she had ever made Imperial aware of her pregnancy.  And as for her claim that her sworn statement and amended complaint cured any insufficiencies in the original complaint, we are unpersuaded.  Those documents were filed after the district court had already issued its order dismissing the original complaint for failure to state a claim, and consequently, have no bearing on the issue of whether the court erred in doing so.

Nor are we convinced by Avena's argument that the district court abused its discretion by denying her motion for leave to amend.  Rule 7 provides that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1).  "The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Id. Further, a "motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Satz, 181

8

F.3d at 1279. In <u>Rosenberg v. Gould</u>, we upheld the district court's denial, <u>sub silentio</u>, of the plaintiffs' request for leave to amend that was embedded as a footnote in a brief in opposition to the defendant's motion to dismiss, and they failed to attach a copy of the proposed amendment or describe its substance. 554 F.3d 962, 967 (11th Cir. 2009). And we've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend. <u>See</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court").

Here, the only request Avena made for leave to file an amended complaint prior to the district court's dismissal of her complaint was a single line at the end of her motion in opposition to Imperial's motion to dismiss. This request was improper because it neither contained a proposed amendment, nor did it elaborate on the substance of the proposed amendment. <u>Satz</u>, 181 F.3d at 1279. Moreover, Avena was represented by counsel and failed to file her motion prior to the district court dismissing her complaint without prejudice. <u>Daewoo Heavy Indus. Am.</u> <u>Corp.</u>, 314 F.3d at 542. On this record, the district court did not abuse its discretion when it disregarded Avena's request to amend in her motion in opposition. <u>Gould</u>, 554 F.3d at 967.

9

**AFFIRMED**.