NOT DESIGNATED FOR PUBLICATION

No. 119,571

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITIMORTGAGE, INC.,
*Appellee*,

v.

MICHAEL R. DINWIDDIE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Opinion filed June 21, 2019. Affirmed.

*Todd A. Luckman*, of Stumbo Hanson, L.L.P., of Topeka, for appellant.

*Charles R. Curran*, of Settle & Pou, P.C., of Dallas, Texas, and *Aaron M. Schuckman*, of Millsap & Singer, LLC, of St. Louis, Missouri, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: Michael R. Dinwiddie appeals the district court's dismissal of his counterclaims for violating the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 et seq. and its granting of summary judgment to CitiMortgage on his credit agreement act claim, the statute of frauds, failure to show a contract was established, and estoppel claims. In addition, the district court granted CitiMortgage's motion for summary judgment on its mortgage foreclosure action and Dinwiddie does not appeal that issue.

1

Upon review of the record, we find no error by the district court on the issues raised by Dinwiddie. We affirm.

FACTS

On September 20, 2000, Dinwiddie executed a note in favor of Wendover Financial Services Corporation in the principal sum of $123,250 plus interest at a yearly rate of 7.875 percent. The note provided the principal and interest were payable in monthly installments to Wendover, its successors, or assigns until fully paid, and failure to timely pay the full amount of each monthly payment would constitute a default under the note. The note was endorsed in blank by Wendover and is currently held by CitiMortgage.

The note was secured by a mortgage on real property owned by Dinwiddie and the mortgage was properly recorded. If the monthly payments were not made, the mortgage gave the lender the right to foreclose on the mortgage. The mortgage was later assigned to CitiMortgage; CitiMortgage is the current assignee and holder of the note and mortgage.

Dinwiddie failed to timely make a payment due January 1, 2012. CitiMortgage issued notices of default to Dinwiddie and accelerated the loan making the entire balance owed under the note due.

In August 2012, Dinwiddie applied for a loan modification with CitiMortgage. CitiMortgage then requested Dinwiddie provide additional documents and other information in support of the loan modification application. Dinwiddie failed to provide the requested information. CitiMortgage denied Dinwiddie's application for modification under the Home Affordable Modification Program (HAMP) because his application did not contain the required documents. Dinwiddie later submitted additional documentation

2

to CitiMortgage and his application was completed by April 12, 2013, for CitiMortgage to consider.

On April 12, 2013, CitiMortgage notified Dinwiddie he was not approved for a HAMP loan modification. Specifically, CitiMortgage informed Dinwiddie it was unable to approve his modification request because it was "unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program." Sometime later, Dinwiddie submitted a new loan modification application, but CitiMortgage denied this application in June 2013 for failure to provide the required documents.

On April 15, 2013, CitiMortgage informed Dinwiddie he may be eligible for a Freddie Mac Loan Modification. To be considered for this modification, Dinwiddie was required to make three monthly trial payments of $1,151.60. After Dinwiddie made the three trial payments, CitiMortgage offered Dinwiddie a Loan Modification Agreement on July 12, 2013. The Loan Modification Agreement would have lowered Dinwiddie's total monthly payment from $1,290.80 to $1,159.83. Again, Dinwiddie failed to provide the required documents to CitiMortgage. CitiMortgage notified Dinwiddie his application for loan modification was denied.

On July 24, 2014, CitiMortgage again offered Dinwiddie the opportunity to enter into a trial period plan for a mortgage modification. However, Dinwiddie failed to make any trial period payments.

In April 2013, CitiMortgage filed its mortgage foreclosure action against Dinwiddie in the district court. Dinwiddie answered and brought counterclaims against CitiMortgage for negligent processing of loan modification and promissory estoppel. After CitiMortgage moved to dismiss the counterclaims, the district court dismissed Dinwiddie's negligence claim but allowed him to amend his counterclaims.

Dinwiddie later amended his counterclaims to include two counts of breach of contract, one count of promissory estoppel, and four counts alleging violations of the KCPA. Again, CitiMortgage moved to dismiss Dinwiddie's counterclaims. The district court granted CitiMortgage's motion in part, dismissing one of the breach of contract claims and all four KCPA claims.

CitiMortgage moved for summary judgment on its foreclosure petition and on Dinwiddie's breach of contract and promissory estoppel counterclaims. In response, Dinwiddie opposed summary judgment.

The district court granted summary judgment in favor of CitiMortgage on its foreclosure petition and on Dinwiddie's counterclaims. The district court subsequently filed a journal entry of judgment of foreclosure.

ANALYSIS

On appeal, Dinwiddie does not challenge the district court's grant of summary judgment in favor of CitiMortgage with respect to its foreclosure petition. His arguments all focus on the district court's rulings relating to his counterclaims. First, Dinwiddie alleges the district court erred in granting CitiMortgage's motion to dismiss his KCPA counterclaims. Second, he contends the district court erred in granting summary judgment in favor of CitiMortgage on his breach of contract and promissory estoppel counterclaims.

*Dinwiddie's KCPA counterclaims*

We review a district court's decision granting a motion to dismiss under a de novo standard of review. Upon review, the appellate court will consider the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences

reasonably drawn from them. If those facts and inferences state any claim upon which relief can be granted, then dismissal is improper. *Platt v. Kansas State University*, 305 Kan. 122, 126, 379 P.3d 362 (2016). Dismissal is proper only when the allegations in the petition clearly demonstrate the plaintiff does not have a claim. See *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, Syl. ¶ 2, 388 P.3d 84 (2017). To the extent the dismissal involves interpretation of a statute, an appellate court has unlimited review over the district court's statutory construction. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

In Dinwiddie's amended petition, he alleged in handling his loan modification application CitiMortgage had committed four counts of deceptive and/or unconscionable acts in violation of the KCPA. See K.S.A. 2018 Supp. 50-626; K.S.A. 50-627.

The KCPA is designed, in part, to "protect consumers from suppliers who commit deceptive and unconscionable practices." K.S.A. 50-623(b). Relevant here, in order to successfully make a claim under the KCPA, a plaintiff must prove the defendant is a supplier under the KCPA. K.S.A. 2018 Supp. 50-626; K.S.A. 50-627; see *Alexander v. Certified Master Builders Corp.*, 268 Kan. 812, 825, 1 P.3d 899 (2000) (noting that only a supplier as defined in K.S.A. 50-624[i] [Furse 1994] is subject to the KCPA). The KCPA defines a supplier as "a manufacturer, distributer, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. 2018 Supp. 50-624(l). This same section of the statute excludes "any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution." K.S.A. 2018 Supp. 50-624(l).

Dinwiddie argues, for the first time on appeal, CitiMortgage is not a bank or lending institution within the meaning of the exception set forth in K.S.A. 2018 Supp. 50-

5

624(l). Generally, issues not raised before the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, Syl. ¶ 9, 266 P.3d 516 (2011). An appellate court may consider a new argument on appeal only if the newly asserted theory involves a pure question of law arising on proved or admitted facts that is finally determinative of the case or if consideration of the new theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling the issue is improperly briefed, and the issue will be considered waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014); see *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (holding that Rule 6.02[a][5] is to be strictly enforced). We find Dinwiddie has waived or abandoned this argument because he failed to argue below that CitiMortgage is not a bank or lending institution within the meaning of the exception set forth in K.S.A. 2018 Supp. 50-624(l). Dinwiddie provides no justification for us to consider his KCPA claims for the first time on appeal. See Rule 6.02(a)(5); *Godfrey*, 301 Kan. at 1043-44.

*Dinwiddie's breach of contract and promissory estoppel counterclaims*

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive

6

issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" *Armstrong v. Bromley Quarry & Asphalt Inc.*, 305 Kan. 16, 24, 378 P.3d 1090 (2016).

Furthermore, to the extent resolution of these issues requires statutory interpretation, our review is unlimited. *Neighbor*, 301 Kan. at 918.

On appeal, Dinwiddie does not challenge the district court's grant of summary judgment on CitiMortgage's mortgage foreclosure action. Instead, Dinwiddie limits his claim here to asserting the district court erred by granting CitiMortgage's summary judgment motion on his breach of contract and promissory estoppel counterclaims.

*1. Breach of contract*

The elements for a breach of contract claim in Kansas are "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083 (2013).

The alleged agreement underlying Dinwiddie's breach of contract counterclaim is "[CitiMortgage] extended an offer to [Dinwiddie] to present a loan modification application pursuant to HAMP rules and regulations . . . [and Dinwiddie] accepted [CitiMortgage's] offer and again submitted his loan modification application." Dinwiddie claimed CitiMortgage caused the breach in many ways, including by: "failure to timely, appropriately, and reasonably review" his documents; "delay in appropriately and reasonably notifying" him whether he was eligible for a HAMP modification; refusing to grant a HAMP modification; "proceeding with foreclosure while [Dinwiddie's] application for a loan modification was still pending; breach of its agreement to review

7

[Dinwiddie's] loan modification application as required by the HAMP program; and breach of its agreement to process [Dinwiddie's] application pursuant to the HAMP program."

The district court granted summary judgment in favor of CitiMortgage on Dinwiddie's breach of contract counterclaim on several grounds, including: (1) there was no evidence CitiMortgage entered into an express written or oral agreement to review Dinwiddie for loan modification in compliance with the provisions of HAMP, a consent order, the National Mortgage Settlement, or the directives of Freddie Mac; (2) the record did not support the existence of any written agreement setting out the terms of the alleged agreement, contrary to K.S.A. 16-118(a) and common-law statute of frauds; (3) there is no private right of action under HAMP; and (4) Dinwiddie lacked standing to assert breach of the consent order, the National Mortgage Settlement, or the directives of Freddie Mac.

On appeal, Dinwiddie argues the district court erred in (1) relying on the statute of frauds to dismiss his breach of contract counterclaim, (2) his breach of contract counterclaim is not dependent upon a statutory private right of action, and (3) he should be considered a third-party beneficiary of HAMP and the consent orders underlying the modification process. Because Dinwiddie does not challenge the district court's alternative bases for its summary judgment ruling, he has waived any challenge to these grounds on appeal. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013) (where appellant fails to brief issue, that issue is waived or abandoned).

### a. Statute of frauds

K.S.A. 16-118(a), which essentially operates as a statute of frauds, provides:

"A debtor or a creditor may not maintain an action for legal or equitable relief or a defense based in either case upon a failure to perform on an alleged credit agreement, unless the material terms and conditions of the agreement are in writing and signed by the creditor and the debtor."

See *Wells v. State Bank of Kingman*, 24 Kan. App. 2d 394, 395, 945 P.2d 418 (1997).

A "credit agreement" is "an agreement by a financial institution to lend or delay repayment of money, goods or things in action, to otherwise extend credit or to make any other financial accommodation." K.S.A. 16-117(a). A "financial institution" is defined as "a bank, savings and loan association, savings bank or credit union." K.S.A. 16-117(d). The district court held Dinwiddie's alleged agreement with CitiMortgage was a credit agreement and was, therefore, required to be in writing under K.S.A. 16-118(a) as well as Kansas common law.

Dinwiddie argues the district court erred in relying on the statute of frauds to find CitiMortgage was entitled to summary judgment on his breach of contract counterclaim. Specifically, Dinwiddie contends that (1) CitiMortgage is not a "financial institution" under K.S.A. 16-117(d); (2) the terms of the loan modification are extensions of the original note and mortgage and are not independent credit agreements under K.S.A. 16-117(a); and (3) Kansas common law does not bar relief because the parties' documents and course of conduct supply ample evidence of the parties' agreement.

But Dinwiddie did not raise any of these arguments below in his response to CitiMortgage's motion for summary judgment. As earlier stated, issues not raised before the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc.*, 293 Kan. 375, Syl. ¶ 9. Dinwiddie does not acknowledge his failure to raise these issues below or otherwise explain why they should be considered for the first time on appeal. As a result, we find Dinwiddie has waived or abandoned these arguments. See Supreme Court Rule 6.02(a)(5); *Godfrey*, 301 Kan. at 1043-44.

9

*b. No private right of action under HAMP*

Dinwiddie argues the district court erred in rejecting his breach of contract counterclaim on grounds no private right of action exists under HAMP. He contends no private right of action was required to bring a breach of contract claim because the parties created a contract by their actions and his claim involved "an ordinary contract breach." Dinwiddie alleges as part of his relationship with CitiMortgage, "the 2008 financial crisis led to a new set of laws, regulations and agreements that established a process for distressed homeowners to modify their mortgages," which resulted in the creation of a quasi-contract when Dinwiddie and CitiMortgage entered into "a direct and personal course of dealing to attempt to modify the note and mortgage at issue by creating a new agreement."

We have been unable to find a Kansas case addressing this issue, however, most federal courts appear to agree there is no private right of action under HAMP. See, e.g., *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 782 n. 4 (4th Cir. 2013); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012); *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1116-17 (11th Cir. 2012); *Bukowski v. Wells Fargo Bank, N.A.*, 757 Fed. Appx. 124, 128 (3d Cir. 2018) (unpublished opinion); *Campbell v. Nationstar Mortgage*, 611 Fed. Appx. 288, 300 (6th Cir. 2015) (unpublished opinion). We find the direction from the federal courts persuasive. Dinwiddie therefore lacked standing to pursue his breach of contract claim insofar as it was premised on an alleged breach of CitiMortgage's obligations under HAMP.

But "[t]he absence of a private right of action from a federal statute provides no reason to dismiss a claim under a state law just because it refers to or incorporates some element of the federal law." *Wigod*, 673 F.3d at 581. To the extent Dinwiddie's breach of contract claim falls outside the scope of HAMP, it fails as a matter of law because Dinwiddie does not argue on appeal his breach of contract claim is independent of

10

CitiMortgage's obligations under HAMP. As a result, Dinwiddie has abandoned any such argument. See *Friedman*, 296 Kan. at 645. Additionally, Dinwiddie's argument ignores the fact he cannot establish an essential element of a breach of contract claim—the existence of a contract between the parties wherein CitiMortgage agreed to review Dinwiddie's loan modification in compliance with HAMP. Dinwiddie provided no evidence of any such contract or promise in response to CitiMortgage's motion for summary judgment, nor does he do so on appeal. Dinwiddie's claim of error necessarily fails, and the district court did not err in rejecting his claim for a private right of action under HAMP.

### c. Third-party beneficiary

For the first time on appeal, Dinwiddie asserts he is an intended beneficiary of HAMP and the consent orders underlying the modification process and therefore has a right to enforce their requirements.

Dinwiddie did not make this argument in his response to CitiMortgage's motion for summary judgment. Given Dinwiddie's failure to raise this issue below, the district court did not address this argument in its summary judgment ruling. Issues not raised before the district court cannot be raised for the first time on appeal. *Wolfe Electric, Inc.*, 293 Kan. 375, Syl. ¶ 9. Dinwiddie does not acknowledge his failure to raise this issue below or otherwise explain why we should consider it for the first time on appeal. As a result, this court finds Dinwiddie has waived or abandoned this arguments. See Supreme Court Rule 6.02(a)(5); *Godfrey*, 301 Kan. at 1043-44.

Based on our analysis above, the district court did not err in granting summary judgment in favor of CitiMortgage on Dinwiddie's breach of contract counterclaims.

11

*2. Promissory estoppel*

Promissory estoppel is "an equitable doctrine designed to promote some measure of basic fairness when one party makes a representation or promise in a manner reasonably inducing another party to undertake some obligation or to incur some detriment as a result." *Bouton v. Byers*, 50 Kan. App. 2d 35, 41, 321 P.3d 780 (2014). To succeed on a claim of promissory estoppel, a plaintiff must show the defendant's promise was clear and unambiguous in its terms and the promise "define[d] with sufficient particularity what the promisor was to do." 50 Kan. App. 2d at 42.

Dinwiddie's promissory estoppel counterclaim alleged CitiMortgage had promised Dinwiddie he would be granted a loan modification to lower his overall payment—based on his income. Dinwiddie also alleged CitiMortgage induced him to stop making loan payments with the promise he would be treated favorably for doing so and he relied on these promises to his detriment. In granting summary judgment in favor of CitiMortgage on this claim the district court held Dinwiddie had failed to allege a sufficiently definite promise by CitiMortgage it would provide Dinwiddie permanent HAMP loan modifications in compliance with the statute of frauds.

Dinwiddie argues the district court erred in its ruling noting borrowers may successfully assert promissory estoppel claims based on HAMP loan modification documents. Indeed, several federal circuit courts have held the language in HAMP trial payment plan (TPP) documents was sufficiently clear to constitute an enforceable promise. See, e.g., *George v. Urban Settlement Services*, 833 F.3d 1242, 1258-60 (10th Cir. 2016); *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 880-85 (9th Cir. 2013); *Wigod*, 673 F.3d at 561-63, 566. But these cases involved circumstances different from those present here. The borrowers in these cases were first found to be eligible for a TPP under HAMP. The courts also relied on specific language in the TPP documents in concluding the documents promised to provide permanent loan modifications to qualified

12

borrowers who complied with the terms of the TPPs. See *George*, 833 F.3d at 1258-60; *Corvello*, 728 F.3d at 880-85; *Wigod*, 673 F.3d at 566.

Here, CitiMortgage never approved Dinwiddie's HAMP application, so Dinwiddie was not eligible for a TPP under HAMP. In fact, many of the applications were denied because Dinwiddie failed to provide the necessary and required documents for his applications. Dinwiddie did not set forth any factual allegations or provide a citation to any document showing CitiMortgage ever promised to permanently modify his loan under HAMP, and he fails to do so on appeal. See *Bloch v. Wells Fargo Home Mortgage*, 755 F.3d 886, 889 (11th Cir. 2014) (concluding that letter stating plaintiffs "might be eligible for trial modification under HAMP" was not binding promise to provide permanent HAMP loan modification). To the extent Dinwiddie suggests CitiMortgage made a binding promise it would consider him for a loan, the evidence demonstrates his loan was, in fact, reviewed to determine whether he qualified for a HAMP modification. However, Dinwiddie repeatedly failed to provide the required documentation to CitiMortgage. CitiMortgage then concluded Dinwiddie did not qualify—because of the missing documentation— for a permanent loan modification under HAMP.

There are no material facts at issue and the district court did not err in granting summary judgment in favor of CitiMortgage on Dinwiddie's promissory estoppel counterclaim.

Affirmed.